UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEBMD LLC,

                     Plaintiff(s),

-against-

EVERYDAY HEALTH MEDIA LLC,

                     Defendant(s).

No. 14CV4446-LTS-SN
PRE-TRIAL SCHEDULING
ORDER NO. 1



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 9 2014

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

      A pre-trial conference was last held in this matter on September 18, 2014. The Court hereby makes the following provisions for scheduling and trial in this matter. To the extent copies of this Order were not distributed to all parties in open court or posted on ECF in an ECF case, Plaintiff's counsel must serve a copy of this Pre-Trial Scheduling Order on counsel for each other party and must also serve a copy on each unrepresented party, within fourteen (14) days from the date hereof. A copy of this Pre-Trial Scheduling Order shall be served with any subsequent process that brings in additional parties. Proof of such service must be filed promptly with the Court.

1.     Amendments to Pleadings, Additional Parties

      All applications to amend pleadings or join parties, or amendments or joinders as of right, must be made by **November 17, 2014**. No further leave of court is required for amendments and joinders filed on or before that date.

2.     Discovery

      a.     The discovery procedures set forth in the Pilot Project description annexed to the Court's October 31, 2011 Standing Order (11 Misc. 00388) (the "Pilot Project Description") apply unless otherwise ordered.

    b.    Rule 26(a)(1) disclosures

           ___ are not required, OR
           Must be made by **September 22, 2014**

    c.    All non-expert witness discovery in this matter must be completed by **March 31, 2015**.

    d.    Each party must make its expert witness disclosures described in Rule 26(a)(2) of the Federal Rules of Civil Procedure concerning expert(s), if any, to be offered on issues as to which such party has the burden of proof or otherwise in support of the party's case, no later than **120 days before the date set forth in paragraph 2.e. below**. Rebuttal disclosures must be made no later than **90 days before the date set forth in paragraph 2.e. below.** Reply disclosures must be made no later than **60 days before the date set forth in paragraph 2.e. below.** Such disclosures must be made in writing, signed and served, but must not be filed with the Court.

    e.    All expert witness discovery must be completed by **June 30, 2015.**

    f.    (If applicable) All class certification-related discovery must be completed by **N/A**

    g.    Additional limitations or provisions:   Each party is permitted to obtain up to four expert witnesses, without prejudice to applications to obtain additional experts upon a showing of good cause.  See also Initial Conference Report (docket entry # 13).

3.    Class Certification Motion Practice

    **N/A**

4.    Joint Preliminary Trial Report

The Joint Preliminary Trial Report covering the matters enumerated in subdivision IV.A. of the Pilot Project Description must be filed, with one courtesy copy provided for Chambers, within 14 days after the completion of fact discovery, unless otherwise ordered.  At the time the Report is filed, the parties must make a written request to the Court to schedule a Case Management Conference.

5.    Dispositive Pre-Trial Motions

Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be served and filed on or before **July 31, 2015**. Section B.3 of the undersigned's Individual Practices Rules governs pre-motion procedures.  Opposition papers must be filed

within **30** days of filing of the motion; reply papers must be filed within **14** days after opposition papers are filed. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant may so state in a separate MOTION FOR STAY, which must be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion <u>does</u> <u>not</u> affect the parties' obligations under this Order.

6. Other Pre-Trial Motions

    a. Any <u>Daubert</u> motion practice must be initiated no later than sixty (60) days before **the date set forth in paragraph 9 below**.

    b. Other motions, including but not limited to non-<u>Daubert</u> motions <u>in</u> <u>limine</u> relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 9 below**.

7. Joint Final Trial Report

    The Joint Final Trial Report covering the matters enumerated in subdivisions IV.C. and IV.D. of the Pilot Project Description must be filed, with one courtesy copy provided for Chambers, no later than twenty-eight (28) days **before the date set forth in paragraph 9 below**.

    a. The Joint Final Trial Report must also state clearly the parties' positions as to whether the case is to be tried, in whole or in part, to a jury, and must state whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented.

    b. The format of the exhibit list presented in the Joint Final Trial Report must be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

    i. If there is more than one Plaintiff or Defendant, the parties must coordinate their designations so as to avoid duplication.

    ii. In the "Objection(s)" column of the table, any objections must be explained

    briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

   iii. The "Status" column should be left blank, for later use by the Court.

 c. The Joint Final Trial Report should also be submitted to Chambers on a CD-Rom in WordPerfect or Microsoft Word format.

 d. One copy of each documentary exhibit to be offered at trial should be provided to the Court at the time the Joint Final Trial Report is filed. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder, or otherwise organized for easy reference and access. On the day of trial, counsel must bring additional pre-marked copies for use by witnesses, the courtroom deputy, the court reporter, opposing parties and (if applicable) the jury.

 e. Proposed verdict forms (with any objections noted) must also be provided to the Court at the time that the Joint Final Trial Report is filed. Courtesy copies and electronic versions in WordPerfect or Microsoft Word format must be provided.

8. <u>Requests to Charge</u>

The parties must file a single document captioned JOINT REQUESTS TO CHARGE, which must include the full text of all of their proposed jury instructions, with source citations. If the parties are not in agreement on a particular charge, the disputed language must be highlighted and any counterproposal(s) presented together with the disputed section. Disputed language must be accompanied by a brief explanation of the objection(s), with citations to the relevant legal authority. The Joint Requests to Charge must be filed (and a copy provided for Chambers) **with the Joint Final Trial Report**.

The Joint Requests to Charge must also be submitted to Chambers on a CD-Rom in WordPerfect or Microsoft Word format.

9. <u>Final Pre-Trial Conference</u>

The parties are directed to appear before the undersigned in Courtroom No. 12D[1], 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on **October 30, 2015**, at **11:00 a.m**. The parties must be trial-ready by this conference date. The conference will cover the matters enumerated in subdivision IV.E. of the Pilot Project Description. The trial date will be set at the conference if one has not previously been designated.

---

[1] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

    The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 9.

10. <u>No Adjournment of Deadlines</u>

    The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by counsel, stating whether the other part(ies) consent, and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

11. <u>Non-Compliance with This Order</u>

    In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

12. <u>Other Matters</u>

    a.    Trial witnesses not previously deposed _X_ will ___ will not be made available for deposition before the commencement of trial.

    b.    The parties must begin meeting with Magistrate Judge Netburn for settlement purposes by **January 23, 2015.**

IT IS SO ORDERED.

Dated: New York, New York
       September 18, 2014

                                                               LAURA TAYLOR SWAIN
                                                               United States District Judge